Chief Justice Robertson,
delivered the opinion of the court.
Zedukiah Moore was indicted for permitting unlawful gaming in his house on the 10th of March, 1829.
■On the trial, Charlton Hunt was offered as a witness by the commonwealth, to prove the charge; but the *656 circuit court rejected him, as incompetent, in consequence of his supposed' interest in the event of the prosecution; and thereupon, a verdict and judgment were rendered in favor of Moore.
tf an attorney hare a on^üítoos3" collected, be is so interestinoometent '1 m'uess, iu any prosocu*ect of'wl-icli 'isto iuilTct° such fine.
The only question presented to this court, i«, whether or not tne circuit court erred in íefusing to permit ? [unt to give testimony for the commonwéalth? Hunt siau‘d, that in March, Í 829, he had become a partner with Richard Curd in the practice of law; that Curd had been, prio" to March, ISdi). employed by the Iruslces'0^ Transylvania, to attend to the collection of all ^le ^nes Wi W’.ich that institution had,or should ever hat e.¡ an interest; and that, as Curd would, by his oon^rati; the trustees, be entitled to ten per cent, on whatever might be collected in this case, he,(Hunt,)being as a pan,ner, entitled to an equal participation with Curd in the profits, felt himself interested in the event of the prosecution.
: Tlv, attorney general for the Commonwealth, insists, that Hum acquired Ills interestvolunlaiilj, and without the privity of the trustees after they were entitied to the benefit of his testimony; and that he was, therefore compe»ent. The counsel for Moore attempts to avóid Ihe effect of ;his agreement, by insisting that Curd and the trustees wese jointly, tho.ugh in unequal degrees, interested in the collection of the fine, and thattnerefore, as Hunt had become interested, with the privity and assent of Curd, his interest rendered him. incompetent.
, If the premises assumed by the at! orney general be true, his conclusion is undeniable. So too, if the fact asserted by the counsel for Moore, be as stated, his deduction is indisputable. But we need not decide whether Curd had such a joint interest with toe trustees, as to 'be considered with them, as one of the beneficial parties to the prosecution. Hunt was evidently interested, or ccnsidered himself interested,(which is the same thing;) and was; therefore, incompetent, unless it be' shewn, not only that he acquired his interest without the privity or consent of the beneficial party, but since the J.0lh of March, 1829, the date of the alleged violation of the penal laws by Moore. If Hunt had not become a partner with Curd, prior to the unlawful gaming charged in the indictment, he would, at ’the time of the gaming, have been a competent witness; *657 but if his partnership commenced before that time, he was never competent, because his interest, and that of the University, were cotemporaneous, and therefore, the ■trustees never had a right to his testimony. II Starkie, 751. It does not appear whether Curd and Hunt were associated as partners, before or after the 10th of March, 1829; and consequently, as Hunt was interested, he must be deemed an incompetent witness, unless some fact entitling a party to the testimony of an interested witness had been clearly shewn by the Commonwealth; .no such fact having been shewn in this case, the circuit court did not err in deciding that Hunt was ■incompetent.
Denny, attorney general, for Commonwealth; - Chinn, for appellee.
Judgment affirmed.

3Fhe attorney general for the Commonwealth filed the following petition for a re-hearing.

The court say, “if Hunt had not become a partner ,-Jwith Curd, prior to the unlawful gaming charged in the indictment, he would at the time of the gaming have been a competent witness; but if his partnership commenced before that time, he was never competent,” &c. The court furthermore say, “it does not appear whether Curd and Hunt were associated as partners, before or after the 10th March, 1829,” &c.
Now, Hunt did not become a partner with Curd prior to the unlawful gaming, but subsequent. The partnership was formed in March, H21, (see bill of exceptions, p. 6,) and the unlawful gaming took place 10th February, 1829. See indictment, p. 15.
The court has been misled as to dates, by a mistake in the bill of exceptions, (p. 6,) where it is stated that the indictment was found at March term, 1828, and that the gaming took place some short time previous; this mistake is shewn by a previous part of the record. (See page 1).
A re-hearing is requested.

*658
Chief Justice Robertson delivered the following response of the court to the petition for a re-hearing.

The bill of exceptions led the court into a mistake as to the time charged in the indictment. But this mistake does not afibet the opinion. The indictment was found on the 23rd of March, 1829. The day mentioned in the indictment is not material. There was no proof that the offence was committed before Hunt became interested; and therefore, the circuit judge could not have decided that he had acquired his interest without the consent of the trustees, after they had a right to the benefit of 1ns testimony.
Petition overruled.